Michael J. McCue (NV Bar No. 6055)
MMcCue@LRLaw.com
Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
Las Vegas Sands Corp.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>Plaintiff,        v.<br><br>FIRST CAGAYAN LEISURE & RESORT CORPORATION, a foreign corporation, WANN YICHEN, an individual, QING WAN LENG, an individual, and UNKNOWN REGISTRANTS OF WWW.358.COM, WWW.359.COM, WWW.JS2255.COM, WWW.JS2299.COM, WWW.JS33333.COM, JS55555.COM, WWW.JINSHA.COM, WWW.1133JS.COM, WWW.1166JS.COM, WWW.1177JS.COM, WWW.1188JS.COM, and WWW.1199JS.COM,<br><br>Defendants. | **COMPLAINT** |

For its complaint, Las Vegas Sands Corp. alleges the following:

## NATURE OF THE CASE

Plaintiff Las Vegas Sands Corp., a publicly traded Fortune 500 company, is the leading global developer of destination properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.

Las Vegas Sands Corp. brings this action against the known and unknown registrants of twenty six Internet domain names who are using Las Vegas Sands Corp.'s world famous "Sands" trademark, Sunburst design, and "Jinsha" characters on websites to falsely affiliate themselves with Las Vegas Sands Corp., to lure prospective gamblers to overseas online casinos,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

1   and to unlawfully and in bad faith advertise, promote, and provide online casino services and

2   gambling services.

3        In this action, Las Vegas Sands Corp. asserts claims for trademark infringement, false

4   designation of origin, and dilution under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A),

5   and 1125(c), as well as claims for common law trademark infringement, common law unfair

6   competition, and copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*  Las

7   Vegas Sands Corp. seeks temporary, preliminary, and permanent injunctive relief, as well as

8   damages, attorneys' fees, and costs.

9                              **JURISDICTION AND VENUE**

10       1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

11   §§ 1331 and 1338(a), because Plaintiff's claims arise under the laws of the United States,

12   specifically, under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A).

13       2.     This Court has personal jurisdiction over Defendant under the effects test

14   articulated by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct.

15   1482, 79 L. Ed. 2d 804 (1984).  Defendants are intentionally using Plaintiff's famous and

16   federally registered SANDS trademarks without Plaintiff's authorization, license, or consent, on

17   websites that directly or indirectly provides Internet-based casino and gambling services.

18   Defendants are using Plaintiff's federally registered trademarks in bad faith to falsely associate

19   themselves with Plaintiff, to falsely suggest that Plaintiff approves or endorses Defendants'

20   services, and to trade off of the substantial fame, goodwill, and consumer recognition Plaintiff

21   has acquired in its trademarks through longstanding use in commerce, advertising, and

22   substantial investment.  Upon information and belief, the Defendants knew and have known at

23   all times that Plaintiff is located in Las Vegas, Nevada, and that any injury Plaintiff would suffer

24   resulting from Defendants' conduct would occur and be felt by Plaintiff in Las Vegas, Nevada.

25   Upon information and belief, Defendants have expressly aimed and/or purposefully directed their

26   tortious conduct at Plaintiff in Las Vegas, Nevada.  Given the foregoing, the exercise of personal

27   jurisdiction over the Defendants is reasonable.

28       3.     Venue is proper in the United States District Court for the District of Nevada

1  under 28 U.S.C. § 1391(b), (c), and/or (d).  Venue is proper in the unofficial Southern division of

2  this Court.

3  **PARTIES**

4      4.    Plaintiff Las Vegas Sands Corp. is a Nevada corporation with its principal place

5  of business in Las Vegas, Nevada.

6      5.    Defendant First Cagayan Leisure & Resort Corporation ("First Cagayan") is a

7  corporation duly organized and existing under the laws of the Republic of the Philippines.  First

8  Cagayan operates a website at www.firstcagayan.com.  According to its website, "First Cagayan

9  is at the forefront of the development of the gaming infrastructure in the [Cagayan Special

10  Economic] Zone."  The Cagayan Special Economic Zone is located at the northeastern tip of the

11  Philippines.  First Cagayan's website is registered to Bingo Bonanza Corporation.  The

12  "registrant email" address for the website listed in the publicly accessible WHOIS database of

13  domain name registrants is: edlopez@bingob.com.

14      6.    Defendant Wan Yichen ("Yichen") is a citizen of China who lives in China.

15  Yichen is the registrant of the following Internet domain names: www.jinsha1111.com,

16  www.jinsha2222.com,   www.jinsha3333.com,   www.jinsha5555.com,   www.jinsha6666.com,

17  www.jinsha7777.com,   www.11111js.com,   www.22222js.com,   www.33333js.com,

18  www.66666js.com, www.88888js.com, and www.99999js.com.  Yichen registered these domain

19  names with eNom, Inc. ("eNom").

20      7.    Defendant Qing Wan Leng ("Leng") is a citizen of China who lives in China.

21  Leng is the registrant of Internet domain names: www.2089.com and www.6953.com.  Leng

22  registered these domain names with GoDaddy.com, Inc. ("GoDaddy")

23      8.    Defendants   Unknown   Registrants   of   www.358.com,   www.359.com,

24  www.js2255.com,   www.js2299.com,   www.js33333.com,   js55555.com,   www.jinsha.com,

25  www.1133js.com,   www.1166js.com,   www.1177js.com,   www.1188js.com,   and

26  www.1199js.com, are the persons and/or organizations who registered these domain names.

27  Their identities are unknown because the domain names were registered using a "privacy

28  protection" service offered by eNom, Inc. through its affiliate Whois Privacy Protection Service,

Inc. or by GoDaddy.com, Inc. through its affiliate DomainsByProxy, LLC.  These companies register domain names without listing the registrant's true name, email address, or contact information in the publicly available "WHOIS" database of domain name registrants.  Instead, these companies submit "proxy" information to the WHOIS database to identify the registrant.  For example, the registrant of www.358.com is listed in the WHOIS database as "WHOIS AGENT," the registrant organization is listed as "Whois Privacy Protection Service, Inc.," and the registrant email address is listed as "dbmbdmmbvk@whoisprivacyprotect.com."  Domain name registrars typically forward emails sent to such proxy email addresses to the registrant of the domain name by using the registrant's true email address, provided to the registrar at the time of registration.

## ALLEGATIONS COMMON TO ALL COUNTS

### Las Vegas Sands Corp. and Its World Famous Trademarks

9.      Las Vegas Sands Corp. is a world famous Fortune 500 company that is publicly traded on the New York Stock Exchange.  Las Vegas Sands Corp. was incorporated in Nevada in 2004.  Las Vegas Sands Corp. is the leading global developer of destination properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.  Las Vegas Sands Corp.'s properties include The Venetian, The Palazzo and the Sands Expo and Convention Center in Las Vegas, Nevada; the Sands Bethlehem in Bethlehem, Pennsylvania; the Sands Macao, The Venetian Macao, the Four Seasons Hotel Macao, and the Sands Cotai Central in Macao; and the Marina Bay Sands in Singapore.

10.      The original Sands Hotel in Las Vegas, Nevada, became famous by, among other things, attracting numerous celebrities and serving as the setting for several famous Hollywood films, including the original "Ocean's Eleven" movie.  Since 1952, Las Vegas Sands Corp.'s predecessors-in-interest and, since 2004, Las Vegas Sands Corp., have used the SANDS trademark (in both standard character and stylized forms) to provide, among others, casino services (*i.e.*, gambling and casino games).

///

11. Also since 1952, Las Vegas Sands Corp.'s predecessors-in-interest and, since 2004, Las Vegas Sands Corp., have used the Sunburst design alone or in combination with the SANDS mark in connection with casino services. The Sunburst design appears as follows:



12. As a result of its longstanding use of the SANDS trademark and Sunburst design in commerce, Las Vegas Sands Corp. has developed common law trademark rights in the SANDS trademark and Sunburst design for use in connection with, among others, casino services.

13. In addition to its common law rights, Las Vegas Sands Corp. owns several federal trademark registrations, including federal trademark registrations for the SANDS word mark and for the stylized SANDS design mark for use in connection with casino services:

| Mark | Fed. Reg. No. | First Use | Goods and Services |
|---|---|---|---|
| *Sands* | 1,209,102 | 1/1/1952 | "Entertainment services-namely, providing stage show, gambling and casino services . . . ." |
| **SANDS** | 3,734,615 | 12/31/1952 | "[P]roviding casino and gaming services; providing casino and gambling facilities . . . ." |
| *Sands* | 3,838,397 | 11/30/1996 | "Casino services; gambling services; gaming services; Entertainment services in the nature of boxing contests and art exhibitions; arranging of seminars and conferences; educational demonstrations; rental of audio-visual equipment; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production." |
| **SANDS** | 3,850,500 | 11/30/1996 | "Casino services; gambling services; gaming services; entertainment services in the nature of boxing contests and art exhibition; arranging of seminars and conferences; educational demonstrations; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade |

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

4279522.1

| | | | |
|---|---|---|---|
| | | | show booths and exhibitions; entertainment, namely, lighting production." |
| Sands EXPO | 3,504,043 | 10/01/2007 | "Providing and rental of exhibition stands and booths including respective equipment; organizing exhibitions for commercial or advertising purposes; planning and conducting of trade fairs, exhibitions and presentations for economic or advertising purposes; consultation relating to trade fairs; rental of advertising space; rental of office machinery and equipment." |
| Sands ECO 360° GLOBAL SUSTAINABLE DEVELOPMENT | 3,930,913 | 4/9/2008 | "Providing convention facilities; Resort hotels" |
| SANDS | 4,042,291 | 5/22/2009 | "Hotel, restaurant, bar services, catering services, providing facilities for conventions, banquets, social functions, fund raising and special events." |

14.     Las Vegas Sands Corp. also owns a Nevada state trademark registration for SANDS HOTEL & CASINO (Reg. No. TN00250422).  (All of the aforementioned marks are collectively referred to herein as the "SANDS Marks".)   True and accurate copies of the registration certificates for the SANDS Marks are attached hereto as Exhibit A.  None of the aforementioned federal and state trademark registrations have been abandoned, canceled, or revoked.

15.     Las Vegas Sands Corp. uses the SANDS Marks in commerce in connection with advertising and promoting its resort hotel properties and its casino services in the United States and around the world.

16.     Las Vegas Sands Corp. has spent millions of dollars to promote and advertise the SANDS Marks in print and broadcast media, and on the Internet, including through various websites, including those located at <lasvegassands.com>, <marinabaysands.com>; <pasands.com>; and <sandsexpo.com>.

17.     Based on its federal and state trademark registrations, extensive use, and common law rights, Las Vegas Sands Corp. owns the exclusive right to use the SANDS Marks in commerce in connection with hotel, casino, and related services and goods.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

18.     The SANDS Marks have become distinctive and famous in the United States and around the world for, among others, resort hotel and casino services.

19.     In addition to the foregoing trademark rights, Las Vegas Sands Corp. is the owner of all copyrights in and to the Sunburst design.  Las Vegas Sands Corp.'s predecessors first published the Sunburst design on December 15, 1952.  Las Vegas Sands Corp. registered its copyrights in the Sunburst design with the U.S. Copyright Office effective June 21, 2010, and was granted U.S. Copyright Registration Certificate No. VA 1-724-059.  A true and accurate copy of Plaintiff's registration certificate is attached hereto as Exhibit B.

## The Defendants' Infringing Conduct

20.     The Defendants have set up a network of Chinese language Internet websites (all of which are accessible to U.S. citizens) designed to drive Internet users to one or more online casinos.    These websites are located at twenty six Internet domains: www.358.com, www.359.com,    www.2089.com,    www.6953.com,    www.js2255.com,    www.js2299.com, www.js33333.com,       www.js55555.com,       www.jinsha.com,       www.jinsha1111.com, www.jinsha2222.com,    www.jinsha3333.com,    www.jinsha5555.com,    www.jinsha6666.com, www.jinsha7777.com,       www.1133js.com,       www.1166js.com,       www.1177js.com, www.1188js.com,       www.1199js.com,       www.11111js.com,       www.22222js.com, www.33333js.com, www.66666js.com, www.88888js.com, and www.99999js.com (collectively the "Domains").

21.     Each of the Domains are using Las Vegas Sands Corp.'s world famous "Sands" trademark, "Jinsha" characters, and Sunburst design on websites associated with the Domains to falsely affiliate themselves with Las Vegas Sands Corp., to lure prospective gamblers to overseas online casinos not owned, operated by, approved of, affiliated with, or sponsored by Las Vegas Sands Corp., and to unlawfully and in bad faith advertise, promote, and provide online casino services and gambling services.

22.     The extent of the Defendants' network of domain names and gambling websites is presently unknown.  To date, however, Las Vegas Sands Corp. has discovered three "directory sites."  These sites are located at www.358.com, www.2089.com, and www.jinsha.com.  Each of

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

these sites display a single webpage that prominently features the stylized SANDS design mark in bright yellow font centered at the top of the page.  Each of these sites display a single webpage that prominently features the stylized SANDS design mark in bright yellow font centered at the top of the page, as well as "Jinsha" -- two Chinese characters coined by Las Vegas Sands Corp. to act as the Chinese language equivalent of the SANDS mark.  Roughly translated, Jinsha means "golden sands" in Chinese.  Jinsha appears on each of these sites to the immediate left of the SANDS mark in larger font.  In addition, to the right of the SANDS mark, each of these three sites feature Las Vegas Sands Corp.'s Sunburst design in larger font:



23.   Directly beneath the SANDS Marks and centered on the page, each of these three sites includes a table of domain names, as shown above.  To the right of each domain name is a button that, when clicked, links to an online casino located at the domain name.  The following table lists each directory site and the online casinos accessible from each such site:

| www.358.com | www.2089.com | www.jinsha.com |
|---|---|---|
| www.js2299.com | www.359.com | www.359.com |
| www.js2255.com | www.66666js.com | www.22222js.com |
| www.1188js.com | www.1133js.com | www.33333js.com |
| www.1177js.com | www.88888js.com | www.1188js.com |
| www.1199js.com | www.6953.com | www.1199js.com |
| www.jinsha7777.com | www.99999js.com | www.js2255.com |
| www.1166js.com | www.jinsha3333.com | www.js2299.com |
| www.359.com | www.jinsha5555.com | www.js33333.com |
| www.jinsha6666.com | www.jinsha1111.com | www.11111js.com |

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

| www.js55555.com | www.jinsha2222.com | www.1177js.com |

24.    When an Internet user clicks on one of the links, his or her web browser is directed to the listed domain name, which is the homepage for an online casino.  Each homepage prominently features Jinsha, the SANDS mark, and the Sunburst design, as well as an image of Las Vegas Sands Corp.'s Sands Macau Resort Hotel & Casino, as set forth below:



Additional screenshots are attached hereto as Exhibit C.

25.    Displayed at the bottom and in the middle of each page in English are the words "First Cagayan leisure and Resort Corporation."

26.    Other pages of the linked domains and their corresponding websites also prominently feature the SANDS mark, Jinsha, and the Sunburst design, and offer specific casino games such as, for example, "Keno," "3 Card Poker," "3 Card Poker Gold Series," "5 Reel Drive," "7 Oceans," "Aces & Faces Power Poker," "Atlantic City Blackjack," and "Baccarat." (*Id.*)

27.    The linked domains and their corresponding websites permit gamblers to register, create individual financial accounts, and gamble by providing identifying information including, among other things, their credit card numbers and bank information.

28.    Perhaps most troubling is that the linked domains and their corresponding

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

websites prominently feature the SANDS mark, the Jinsha mark, and the Sunburst design on their customer support pages, falsely creating an association or connection between Las Vegas Sands Corp. and the linked domains and their corresponding websites   An image showing one such page is set forth below:



29.     On or about January 10, 2014, Las Vegas Sands Corp. received an email from a person who claims to have been cheated by Defendants' casino.  The email states:

> I am playing the game at sands (www.358.com). (www.358.com) is cheating me.
> They do not pay money to me from 2014-1-8.  They are cheats.  I am very angry.
> My account name is myray.  Please help me.  I am in Shanghai, China.

30.     Las Vegas Sands Corp. has not consented to, approved of, or authorized Defendants' use of the SANDS Marks, the Jinsha mark, or the Sunburst design in connection with www.358.com, www.2089.com, www.jinsha.com, or any other Internet domain or website.

31.     The SANDS Marks, the Sunburst design and trademark, and the Jinsha trademark are embodiments of the substantial goodwill and excellent reputation Las Vegas Sands Corp. and its predecessors have developed since 1952 as a premier provider of entertainment and casino services.   As a result of the Defendants' blatant exploitation of Las Vegas Sands Corp.'s trademarks and copyrights without Las Vegas Sands Corp.'s consent, Las Vegas Sands Corp. has lost control over the SANDS Marks, the Sunburst design and trademark, and the Jinsha mark.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

1    This loss of control over its goodwill and reputation is irreparable and Las Vegas Sands Corp.

2    cannot be adequately compensated by an award of money damages alone.  As just one example

3    makes clear, while Las Vegas Sands Corp. is a strong supporter of the Coalition to Stop Internet

4    Gambling, and is presently engaged in publicity and lobbying campaigns aimed at defeating

5    measures that would legalize Internet gambling in the United States and elsewhere, the

6    Defendants' use of the SANDS Marks on the homepages of online casinos, even though

7    unauthorized by Las Vegas Sands Corp., threatens to dilute and detract from Las Vegas Sands

8    Corp.'s message and its efforts to stop the proliferation of online gambling.

9          32.    Accordingly, the Defendants' actions have caused and are likely to continue to

10   cause Las Vegas Sands Corp. to suffer irreparable harm and injury unless temporarily,

11   preliminarily, and permanently enjoined by the Court.

12                                 **COUNT I**
                          (Trademark Infringement under
13                     the Lanham Act, 15 U.S.C. § 1114(a))

14         33.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set

15   forth herein.

16         34.    The Defendants have adopted and begun using the SANDS mark in U.S.

17   commerce.  In addition to their adoption and use of the SANDS mark in U.S. commerce, the

18   Defendants' use of the SANDS mark has had or is likely to have an effect on U.S. foreign

19   commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S.

20   foreign commerce are sufficiently strong in relation to those of other nations to justify the

21   extraterritorial application of the Lanham Act.

22         35.    The Defendants' unauthorized use of the SANDS mark on the directory sites and

23   on each of the linked domain names and corresponding casino websites constitutes a

24   reproduction, copying, counterfeiting, and colorable imitation of the SANDS Marks in a manner

25   that is likely to cause confusion or mistake or is likely to deceive consumers.

26         36.    The Defendants' unauthorized use of the SANDS mark on the directory sites and

27   on each of the linked domain names and corresponding casino websites is likely to cause initial

28   interest confusion by diverting Internet users away from Plaintiff's websites to Defendants'

1  websites.

2      37.    As a direct and proximate result of Defendants' infringement, Plaintiff has

3  suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

4  reputation, and goodwill.

5                          **COUNT II**
                  (False Designation of Origin under

6          the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

7      38.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set

8  forth herein.

9      39.    The Defendants have adopted and begun using the SANDS mark in U.S.

10  commerce.  In addition to their adoption and use of the SANDS mark in U.S. commerce, the

11  Defendants' use of the SANDS mark has had or is likely to have an effect on U.S. foreign

12  commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S.

13  foreign commerce are sufficiently strong in relation to those of other nations to justify the

14  extraterritorial application of the Lanham Act.

15      40.    The Defendants' use of the SANDS mark is likely to cause confusion, cause

16  mistake, or deceive as to an affiliation, connection, or association between Plaintiff and

17  Defendants, or as to the origin, sponsorship, or approval of Defendants' services or commercial

18  activities by Plaintiff.

19      41.    As a direct and proximate result of Defendants' false designation of origin,

20  Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its

21  business, reputation, and goodwill.

22

23                         **COUNT III**
    (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

24      42.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set

25  forth herein.

26      43.    The SANDS mark is famous within the meaning of the Federal Trademark

27  Dilution Act.

28      44.    The Defendants have adopted and begun using the SANDS mark in U.S.

commerce.  In addition to their adoption and use of the SANDS mark in U.S. commerce, the Defendants' use of the SANDS mark has had or is likely to have an effect on U.S. foreign commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S. foreign commerce are sufficiently strong in relation to those of other nations to justify the extraterritorial application of the Lanham Act.

45.     The Defendants' use of Plaintiff's SANDS mark has, at all times, been willful, deliberate, and intentional.  The Defendants' use of Plaintiff's SANDS mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its SANDS Marks.

46.     The SANDS mark used by Defendants' on each of the websites corresponding to the domain names identified above is identical or confusingly similar to Plaintiff's SANDS mark.

47.     The Defendants' adoption and use in commerce of Plaintiff's SANDS mark began after Plaintiff's SANDS mark became famous.

48.     The Defendants' unauthorized adoption and use in commerce of a mark that is identical to or confusingly similar to Plaintiff's SANDS mark is likely to dilute the distinctiveness of Plaintiff's SANDS mark within the meaning of the Federal Trademark Dilution Act.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV
### (Common Law Trademark Infringement)

50.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51.     Plaintiff has been using the SANDS mark and the Sunburst design in commerce in connection with entertainment, casino services, and gambling since at least as early as 1952. Plaintiff's use of the SANDS mark and the Sunburst design in commerce predates Defendants' use of the SANDS mark and the Sunburst design in commerce by decades.

52.     Given Plaintiff's longstanding use of the SANDS mark and the Sunburst design in connection with entertainment, casino services, and gambling, and the Defendants' use of Plaintiff's SANDS mark and the Sunburst design in connection with the advertising, promotion, and operation of online casinos accessible from the United States, the Defendants' use of the SANDS mark and the Sunburst design on Internet casino websites constitutes a reproduction, copying, counterfeit, and/or colorable imitation of Plaintiff's SANDS mark and the Sunburst design in a manner that is likely to cause confusion or mistake or that is likely to deceive consumers.

53.     The Defendants' use of Plaintiff's SANDS mark and the Sunburst design in commerce has, at all times, been willful, deliberate, and intentional.  The Defendants' use of Plaintiff's SANDS mark and the Sunburst design in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in the SANDS mark and the Sunburst design.

54.     The Defendants' use of Plaintiff's SANDS mark and the Sunburst design in commerce constitutes common law trademark infringement.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT V
### (Common Law Unfair Competition)

56.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

57.     Plaintiff has used its SANDS mark and the Sunburst design for decades to identify its entertainment, casino, and gambling services and to distinguish them from those offered and sold by others, by, among other things, prominently displaying the SANDS mark and the Sunburst design in connection with such services.

58.     Plaintiff has prominently displayed its SANDS mark and the Sunburst design on the exteriors of its casinos and outdoor signage, within its casinos, on billboards, on letterhead, on bills, in direct mail advertisements, in print ads, in television advertising, and in periodicals

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-14-

1    distributed throughout the United States, and has used its SANDS mark and the Sunburst design

2    in connection with its own Internet domain names and websites.

3           59.    Plaintiff's goods, services, and advertising have been distributed and offered

4    worldwide, including in the United States, in China, and on the Internet, where Defendants are

5    doing business.

6           60.    As a result of Plaintiff's sales and advertising under its SANDS mark and the

7    Sunburst design and as a result of its use of the SANDS mark and the Sunburst design in

8    connection with Internet domain names and websites, Plaintiff's SANDS mark and the Sunburst

9    design have developed and acquired a secondary and distinctive trademark meaning to

10   purchasers in Defendants' trading area.

11          61.    Plaintiff's SANDS mark and the Sunburst design have come to indicate to

12   consumers of entertainment, casino, gambling, and other goods and services, a meaning of high

13   quality originating only with Plaintiff.

14          62.    As a result of the association by purchasers of the SANDS mark and the Sunburst

15   design with Plaintiff, Defendants' use of the SANDS mark and the Sunburst design is likely to

16   confuse such purchasers.

17          63.    The Defendants' use of Plaintiff's SANDS mark and the Sunburst design in

18   commerce has, at all times, been willful, deliberate, and intentional.  The Defendants' use of

19   Plaintiff's SANDS mark and the Sunburst design in commerce was designed to usurp and

20   wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its

21   SANDS mark and the Sunburst design.

22          64.    The Defendants' use of the SANDS mark and the Sunburst design constitutes

23   unfair competition under the common law.

24          65.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered,

25   and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and

26   goodwill.

**Count VI**
**(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)**

27

28          66.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set

1    forth herein.

2         67.    The Defendants have infringed Plaintiff's copyrights in the Sunburst design by

3    reproducing and publicly displaying the Sunburst design on websites located at the following

4    domains without Plaintiff's authorization, license, or consent: www.358.com, www.359.com,

5    www.2089.com, www.6953.com, www.js2255.com, www.js2299.com, www.js33333.com,

6    js55555.com,        www.jinsha.com,        www.jinsha1111.com,        www.jinsha2222.com,

7    www.jinsha3333.com, www.jinsha5555.com, www.jinsha6666.com, www.jinsha7777.com,

8    www.1133js.com, www.1166js.com, www.1177js.com, www.1188js.com, www.1199js.com,

9    www.11111js.com,        www.22222js.com,        www.33333js.com,        www.66666js.com,

10   www.88888js.com, and www.99999js.com.

11        68.     The Defendants' infringement of Plaintiff's copyrights has, at all times, been

12   willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

13        69.    The Defendants profited and continue to profit from their infringement of

14   Plaintiff's copyrights in the form revenues received from their online casinos and/or revenues

15   received from the direction of Internet traffic to their online casinos.

16        70.    As a direct and proximate result of the Defendants' infringement of Plaintiff's

17   exclusive rights in the Sunburst design, Plaintiff is entitled to actual damages, including

18   Defendants' profits attributable to the infringement, as will be proven at trial.  Alternatively, at

19   Plaintiff's election, Plaintiff is entitled to maximum statutory damages, in the amount of

20   $150,000 or such other amounts as may be just and appropriate under 17 U.S.C. § 504(c).

21        71.    Plaintiff is also entitled to its costs, including reasonable attorneys' fees, pursuant

22   to 17 U.S.C. § 505.

23        72.    The Defendants' conduct is causing and, unless enjoined by this Court, will

24   continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or

25   measured by an award of money damages.  Plaintiff has no adequate remedy at law.  Pursuant to

26   17 U.S.C. § 502, Plaintiff is entitled to a temporary, preliminary, and permanent injunctive relief

27   prohibiting the infringement of Plaintiff's copyrights.

28   ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.     An order granting Plaintiff leave to serve subpoenas upon eNom, Inc. and Whois Privacy Protection Service, Inc., for the purpose of identifying the presently unknown registrants of the www.358.com and www.359.com domain names, and permitting Plaintiff to serve the Summons, Complaint, and all other papers upon such registrants by email to the registrant email address currently listed in the WHOIS database for each domain or to the email address provided by each such registrant to eNom, Inc. and/or Whois Privacy Protection Service, Inc. in connection with the registration of the domain names;

B.     An order granting Plaintiff leave to serve subpoenas upon GoDaddy.com, Inc. and DomainsByProxy, LLC, for the purpose of identifying the presently unknown registrants of the www.js2255.com,    www.js2299.com,    www.js33333.com,    js55555.com,    www.jinsha.com, www.1133js.com, www.1166js.com, www.1177js.com, www.1188js.com, and www.1199js.com domain names, and permitting Plaintiff to serve the Summons, Complaint, and all other papers upon such registrants by email to the registrant email address currently listed in the WHOIS database for each domain or to the email address provided by each such registrant to GoDaddy and/or DomainsByProxy, LLC in connection with the registration of the domain names;

C.     An order permitting Plaintiff to serve the Summons, Complaint, and all other papers upon Defendants First Cagayan, Yichen, and Leng by email to the email addresses they provided to GoDaddy.com, Inc. and/or eNom, Inc. in connection with the registration of their respective domain names;

D.     A temporary, preliminary, and permanent injunction prohibiting the Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with Defendants, from: (1) using the SANDS mark, the Sunburst design, Jinsha, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, on any website, in any domain name, in any social network user name, in any hidden website text, or in any website metatag; and (2) engaging in false or misleading advertising or commercial activities

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

4279522.1

1    likely to deceive consumers into believing that any Defendant is the Plaintiff or that any

2    Defendant's services are associated or affiliated with, connected to, or approved sponsored by

3    the Plaintiff;

4           E.      An order requiring domain name registrars eNom, Inc., and GoDaddy.com, Inc.,

5    and/or VeriSign, Inc. (the .com domain name registry) to immediately remove or disable the

6    current domain name server information for the: www.358.com, www.359.com, www.2089.com,

7    www.6953.com,      www.js2255.com,      www.js2299.com,      www.js33333.com,      js55555.com,

8    www.jinsha.com,      www.jinsha1111.com,      www.jinsha2222.com,      www.jinsha3333.com,

9    www.jinsha5555.com,      www.jinsha6666.com,      www.jinsha7777.com,      www.1133js.com,

10   www.1166js.com,  www.1177js.com,  www.1188js.com,  www.1199js.com,  www.11111js.com,

11   www.22222js.com,      www.33333js.com,      www.66666js.com,      www.88888js.com,      and

12   www.99999js.com domain names, and place the domain names on hold and lock pending further

13   order of the Court;

14          F.      An award of compensatory, consequential, statutory, and/or punitive damages to

15   Plaintiff in an amount to be determined at trial;

16          G.      An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting

17   this action; and

18          H.      All other relief to which Plaintiff is entitled.

19          Dated: this 20th day of March, 2014

20                                          Respectfully submitted,

21                                          LEWIS ROCA ROTHGERBER LLP

22                                          By:   /s/ Jonathan W. Fountain
                                            Michael J. McCue
23                                          Jonathan W. Fountain
                                            3993 Howard Hughes Parkway, Suite 600
24                                          Las Vegas, Nevada  89169
                                            Tel: (702) 949-8200
25                                          Fax: (702) 949-8398

26                                          Attorneys for Plaintiff
                                            Las Vegas Sands Corp.
27

28