

FILED ✓ / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

APR - 4 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  Michael J. McCue (NV Bar No. 6055)
   MMcCue@LRRLaw.com
2  Jonathan W. Fountain (NV Bar No. 10351)
   JFountain@LRRLaw.com
3  LEWIS ROCA ROTHGERBER LLP
   3993 Howard Hughes Parkway, Suite 600
4  Las Vegas, Nevada 89169
   Tel: (702) 949-8200
5  Fax: (702) 949-8398

6  Attorneys for Plaintiff
   Las Vegas Sands Corp.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CAGAYAN LEISURE & RESORT CORPORATION, a foreign corporation, WANN YICHEN, an individual, QING WAN LENG, an individual, and UNKNOWN REGISTRANTS OF WWW.358.COM, WWW.359.COM, WWW.JS2255.COM, WWW.JS2299.COM, WWW.JS33333.COM, JS55555.COM, WWW.JINSHA.COM, WWW.1133JS.COM, WWW.1166JS.COM, WWW.1177JS.COM, WWW.1188JS.COM, and WWW.1199JS.COM,<br><br>Defendants. | Case No. 2:14-cv-00424-JCM-NJK<br><br>**PRELIMINARY INJUNCTION** |

2914088.1

**UPON CONSIDERATION** of the motion filed by Plaintiff Las Vegas Sands Corp. for a preliminary injunction (Dkt. No. 3), the supporting memorandum of points and authorities (*id.*), the supporting declarations of Dave Horton (Dkt. No. 4) and Jonathan W. Fountain (Dkt. No. 5), the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT**:

1. In accordance with the Court's Temporary Restraining Order, Order for Alternative Service, and Order Setting Hearing and Briefing Schedule on Plaintiff's Motion for Preliminary Injunction entered on March 21, 2014 (Dkt. No. 9) (hereinafter the "Temporary Restraining Order"), and as set forth in the Certificate of Service filed by Las Vegas Sands Corp. (Dkt. No. 12), Las Vegas Sands Corp. served each of the Defendants by email on March 25, 2014;

2. Las Vegas Sands Corp. will suffer irreparable injury to its valuable trademarks and associated goodwill if the Defendants are not preliminarily enjoined and restrained from transferring the following domain names to other domain name registrars located outside the Court's jurisdiction, or from transferring the registrations for the following domain names to other persons or entities located outside the Court's jurisdiction: www.358.com, www.359.com, www.2089.com, www.6953.com, www.js2255.com, www.js2299.com, www.js33333.com, js55555.com, www.jinsha.com, www.jinsha1111.com, www.jinsha2222.com, www.jinsha3333.com, www.jinsha5555.com, www.jinsha6666.com, www.jinsha7777.com, www.1133js.com, www.1166js.com, www.1177js.com, www.1188js.com, www.1199js.com, www.11111js.com, www.22222js.com, www.33333js.com, www.66666js.com, www.88888js.com, and www.99999js.com (together the "Domain Names");

3. Las Vegas Sands Corp. is likely to succeed on the merits of its Lanham Act claims for trademark infringement and false designation of origin, brought pursuant to 15 U.S.C. §§ 1114(a) and 1125(a)(1)(A), respectively, and on its claim for copyright infringement, brought pursuant to 17 U.S.C. § 101, *et seq.*;

4. The balance of hardships tips in Las Vegas Sands Corp.'s favor because a preliminary injunction would merely place the Domain Names on hold and lock pending trial,

and the failure to issue a preliminary injunction would cause Las Vegas Sands Corp. to suffer additional irreparable injury and harm and incur additional expense if the Domain Names are transferred to other registrants during the pendency of this action, requiring Las Vegas Sands Corp. to file additional lawsuit(s) in other jurisdictions;

5. The issuance of a preliminary injunction is in the public interest because it would protect consumers against deception and confusion arising from the use of Las Vegas Sands Corp.'s federally registered trademarks, by persons other than Las Vegas Sands Corp.;

6. In accordance with the Court's Temporary Restraining Order, and as set forth in the Certificate of Deposit (Dkt. No. 10), Las Vegas Sands Corp. deposited $100 with the Clerk of the Court as security for the injunctive relief requested in this action;

7. Defendants will suffer minimal damage, if any damage at all, by the issuance of a preliminary injunction;

8. Certain of the Defendants have used the services provided by eNom, Inc., Whois Privacy Protection Service, Inc., GoDaddy.com, Inc., and/or Domains By Proxy, LLC, to hide and conceal their identities; and

9. To date, none of the Defendants have filed a memorandum of points and authorities or any other response with the Court in opposition to Plaintiff's motion for a preliminary injunction.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

1. eNom, Inc. ("eNom") and GoDaddy.com, Inc. (the domain name registrars), and VeriSign, Inc. (the.com registry), shall remove or disable the domain name server ("DNS") information for the Domain Names, shall place the Domain Names on hold and lock, and shall deposit them into the registry of the Court;

2. The Defendants and each of their respective officers, agents, servants, employees, attorneys, and/or all other persons acting in concert or participation with them are hereby restrained and enjoined from: (a) using the SANDS mark, the Sunburst design, Jinsha, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, on any website, in

1  any domain name, in any social network user name, in any hidden website text, or in any website
2  metatag; and (b) engaging in false or misleading advertising or commercial activities likely to
3  deceive consumers into believing that any Defendant is the Plaintiff or that any Defendant's
4  goods and/or services are associated or affiliated with, connected to, or approved sponsored by
5  the Plaintiff; and

6      3.    Plaintiff may serve follow-up subpoenas upon eNom, Inc., Whois Privacy
7  Protection Service, Inc., GoDaddy.com, Inc., and Domains By Proxy, LLC, and may serve
8  subpoenas upon any other third party, but solely to the extent necessary to identify any unknown
9  Defendant or any other person or entity who is or who may be violating this Order.

10  ENTERED: this 4th day of April, 2014 at 11:00 a.m.

_____
UNITED STATES DISTRICT JUDGE