Michael J. McCue (NV Bar No. 6055)
MMcCue@LRRLaw.com
Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRRLaw.com
Meng Zhong (NV Bar No. 12145)
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200; Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Las Vegas Sands Corp.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CAGAYAN LEISURE & RESORT CORPORATION, et al.<br><br>Defendants. | Case No: 2:14-cv-00424-JCM-NJK<br><br>**PRELIMINARY INJUNCTION** |

**UPON CONSIDERATION** of the motion filed by Plaintiff Las Vegas Sands Corp. for a preliminary injunction against the New Defendants (Dkt. No. 21), the supporting memorandum of points and authorities, the supporting declaration of Meng Zhong, the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT**:

1. In accordance with the Court's Temporary Restraining Order, Order for Alternative Service, and Order Setting Hearing and Briefing Schedule On Plaintiff's Motion for Preliminary Injunction For The New Defendants, entered on December 19, 2014 (Dkt. No. 24), and as set forth in the Certificate of Service (Dkt. No. 27), Las Vegas Sands Corp. served each of the Defendants (including each of the New Defendants) by email on December 29, 2014 with the Complaint, Amended Complaint, and Motion for Preliminary Injunction;

2. Las Vegas Sands also served a copy of the Court's order setting forth the briefing schedule for the Motion for Preliminary Injunction (Dkt. No. 30);

3. Las Vegas Sands Corp. will suffer irreparable injury to its valuable trademarks and associated goodwill if the New Defendants are not preliminarily enjoined from transferring the following domain names to other domain name registrars located outside the Court's jurisdiction, or from transferring the registrations for the following domain names to other persons or entities located outside the Court's jurisdiction: www.js3111.com, www.js3777.com, www.js3222.com, www.5599js.com, www.5588js.com, www.js8777.com, www.6677js.com, www.6633js.com, www.6644js.com, www.6611js.com, www.6666js.com, www.6688js.com, www.7777js.com, www.1111js.com, www.2222js.com, www.3333js.com, www.5555js.com, www.8888js.com, www.js8111.com, www.js8222.com, www.8877js.com, www.8833js.com, www.8811js.com, www.8822js.com, www.8844js.com, www.8855js.com, www.2211js.com, www.2255js.com, www.2266js.com, www.2277js.com, www.2288js.com, www.2299js.com, www.1122js.com, www.1155js.com, www.1144js.com, www.3311js.com, www.3322js.com, www.3355js.com, www.3377js.com, www.3388js.com, www.3399js.com, and www.3583.com (together the "New Domains");

4. Las Vegas Sands Corp. is likely to succeed on the merits of its Lanham Act claims for trademark infringement and false designation of origin, brought pursuant to 15 U.S.C. §§ 1114(a) and 1125(a)(1)(A), respectively, and on its claim for copyright infringement, brought pursuant to 17 U.S.C. § 101, *et seq.*;

5. The balance of hardships tips in Las Vegas Sands Corp.'s favor because a preliminary injunction order would merely place the New Domains on hold and lock pending trial, and the failure to issue a preliminary injunction order would cause Las Vegas Sands Corp. to suffer additional irreparable injury and incur additional expense if the New Domains are transferred to other registrants during the pendency of this action, requiring Las Vegas Sands Corp. to file additional lawsuit(s) in other jurisdictions;

6. The issuance of a preliminary injunction order is in the public interest because it would protect consumers against deception and confusion arising from the use of Las Vegas Sands Corp.'s federally registered trademarks, by persons other than Las Vegas Sands Corp.; and

7. The New Defendants will suffer minimal damage, if any damage at all, by the

issuance of a preliminary injunction; accordingly, a nominal bond in the amount of $100 is reasonable security;

8. To date, none of the Defendants (New or otherwise) have filed a memorandum of points and authority or any other response with the Court in opposition to Plaintiff's motion for a preliminary injunction.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

1. Las Vegas Sands Corp. need not post additional security because it has already deposited $100 with the Clerk of the Court as security for the Court's previously issued preliminary injunction/temporarily restraining order (Dkt. No. 10), and that deposit is sufficient security to support the issuance of this preliminary injunction;

2. eNom, Inc. ("eNom"), GoDaddy.com, Inc., and PDR LTD. D/B/A PUBLICDOMAINREGISTRY.COM (the domain name registrars) and VeriSign, Inc. (the.com registry) shall immediately remove or disable the domain name server ("DNS") information for the New Domains, shall place the New Domains on hold and lock, and deposit them into the registry of the Court;

3. The New Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with the New Defendants are hereby enjoined from: (a) using the SANDS mark, the Sunburst design, Jinsha, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, on any website, in any domain name, in any social network user name, in any hidden website text, or in any website metatag; and (b) engaging in false or misleading advertising or commercial activities likely to deceive consumers into believing that any of the New Defendants is the Plaintiff or that any of the New Defendants' goods or services are associated or affiliated with, connected to, or approved, or sponsored by, Plaintiff; and

4. Plaintiff may serve follow-up subpoenas upon eNom, Inc. ("eNom"), GoDaddy.com, Inc., and PDR LTD. D/B/A PUBLICDOMAINREGISTRY.COM (the domain name registrars), and may serve subpoenas upon any other third party, but solely to the extent

1  necessary to identify any unknown Defendant or any other person or entity who is or who may
2  be violating this Order.
3       ENTERED: February 17, 2015.

_____
**UNITED STATES DISTRICT JUDGE**