UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS SANDS CORP., | Case No. 2:14-CV-424 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST CAGAYAN LEISURE & RESORT CORPORATION, | |
| Defendant(s). | |

Presently before the court is defendant First Cagayan Leisure & Resort Corp.'s ("First Cagayan") motion for reconsideration. (Doc. # 46). Plaintiff Las Vegas Sands Corp. ("Sands") filed a response (doc. # 47) and defendant filed a reply (doc. # 48).

**I.    Background**

Las Vegas Sands brought this action against the owners of sixty-three internet domains that were using Sands' trademark on websites for online casinos. Las Vegas Sands also named First Cagayan as a defendant because all of the infringing online casino websites identified First Cagayan as the provider of those services. (*See, e.g.*, doc. # 20 at 5). None of the defendants answered or otherwise responded to plaintiff's complaint.

Accordingly, on February 27, 2015, the court entered default judgment in favor of Las Vegas Sands and against defendants, including First Cagayan. (Doc. # 38). On March 30, 2015, Charles H. McCrea, Esq. and his law firm Hejmanowski & McCrea, LLC, filed a motion on behalf of First Cagayan to vacate the default judgment. (Doc. # 41).

On April 30, 2014, plaintiff filed a motion requesting a ninety-day extension to file and serve its opposition to defendant's motion to vacate. (Doc. # 44). Plaintiff asserted that it needed

**James C. Mahan**
**U.S. District Judge**

1 to further investigate Mr. McCrea's conflicts with the instant case. Plaintiff argued that Mr. McCrea was a partner with Lionel, Sawyer & Collins from 1976 to 1994, and again from 2006 through 2014. (Doc. # 44 at 2). For nearly a decade, Lionel, Sawyer & Collins represented Sands in a variety of matters. (*Id.*). Plaintiff asserted that Mr. McCrea personally represented Sands in several of these matters and gained extensive confidential information regarding Sands. (*Id.*).

Plaintiff expressed its concerns to Mr. McCrea and asked him to voluntarily withdraw. (*Id.* at 3). Mr. McCrea declined. (*Id.*). Plaintiff believes Mr. McCrea's representation of First Cagayan may create a conflict of interest. (*Id.*). Plaintiff requested the ninety-day extension to investigate whether Mr. McCrea should be disqualified based on a conflict of interest. (*Id.* at 1).

On May 5, 2015, the court granted plaintiff's motion. (Doc. # 45). The court ordered plaintiff to file its response on or before Monday, August 3, 2015. (*Id.*). On May 7, 2015, defendant filed the instant motion for reconsideration asking the court to reconsider its order granting plaintiff a ninety-day extension. (Doc. # 46).

**II.    Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

**III.   Discussion**

First, defendant argues that Mr. McCrea has no conflict of interest in the instant litigation and that he and his firm should not be disqualified. Plaintiff responds that Sands moved only for an extension of time to investigate whether disqualification is necessary. (Doc. # 47 at 2).

James C. Mahan
U.S. District Judge

- 2 -

1  Therefore, plaintiff asserts that defendant is "put[ting] the cart before the horse" by presenting
2  arguments to the court regarding the merits of Mr. McCrea's potential disqualification. (Doc. #
3  47 at 1).

4       Arguments on the merits of whether or not Mr. McCrea should be disqualified are
5  premature. The issue before the court is reconsideration of the court's order granting an extension
6  of time for plaintiff to file a response. The court will consider only whether defendant has
7  presented newly discovered evidence, shown the court committed clear error or the initial decision
8  was manifestly unjust, or presented an intervening change in controlling law, with respect to the
9  grant of plaintiff's extension of time. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th
10 Cir. 1993).

11      Second, defendant asserts that, under Local Rule 7-2(b), it had fourteen days from the date
12 of plaintiff's motion to file a response. (Doc. # 48 at 1). Therefore, defendant asserts that the
13 court's May 5, 2015, order, which the court released five days after plaintiff filed its motion, denied
14 defendant the opportunity to present its position. Plaintiff responds that the court's extension of
15 time was proper and defendant has not met the legal standard for reconsideration.

16      Local Rule 7-2 states that, "[u]nless otherwise ordered by the Court, points and authorities
17 in response shall be filed and served by an opposing party fourteen (14) days after service of the
18 motion." However, requests for extensions of time "shall be processed as an expedited matter."
19 Local Rule 6-1(a).

20      While defendant is correct that generally opposing parties are granted fourteen days to file
21 a response to a motion, motions to extend time are "expedited matters" and do not require a full
22 briefing schedule. Defendant cites no relevant authority that mandates a fourteen-day response
23 period for a motion to extend time. Defendant does not demonstrate clear error or manifest
24 injustice by the court's grant of the motion to extend time after allowing defendant five days to
25 respond.

26      Finally, defendant asserts that the court's ninety-day extension of time is manifestly unjust
27 because defendant is "burdened by the Court's record evidencing . . . a permanent injunction" and
28 $2,000,000 final judgment by default against it. (Doc. # 48 at 2). Defendant asserts that the

**James C. Mahan**
**U.S. District Judge**

negative impact of a publicly recorded default judgment against it harms its reputation. Defendant further asserts that plaintiff's motion to extend time is "not likely to end in 90 days . . . but will drag on for an indefinite period during which Sands' default final judgment and permanent injunction will remain in the public record against First Cagayan." (Doc. # 48 at 2). Therefore, defendant asserts that allowing plaintiff until August 3, 2015, to investigate the potential conflict is manifestly unjust.

Defendant does not convince the court that allowing plaintiff ninety days to investigate whether an attorney who previously worked on matters for the opposing party is manifestly unjust. Further, the court declines to reconsider its order granting the extension merely because defendant thinks that plaintiff "will drag [the case] on for an indefinite period." The court, not plaintiff, controls the docket of this case. The court will resolve the case expeditiously.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant First Cagayan Leisure & Resort Corp.'s motion for reconsideration (doc. # 46) be, and the same hereby is, DENIED.

DATED June 30, 2015.

                                                   */s/ James C. Mahan*
                                         UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -