UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS SANDS CORP., | Case No. 2:14-CV-424 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST CAGAYAN LEISURE & RESORT CORPORATION, | |
| Defendant(s). | |

Presently before the court is defendant First Cagayan Leisure & Resort Corporation's ("First Cagayan" or "FC") motion to vacate and set aside final judgment by default and permanent injunction. (Doc. # 41). Plaintiff Las Vegas Sands Corp. ("LVS") filed a response in opposition (doc. # 52), and defendant filed a reply. (Doc. # 53).

**I.      Background**

On March 20, 2014, LVS initiated this action for trademark infringement, false designation of origin, and trademark dilution under the Lanham Act. LVS also alleged common law claims for trademark infringement, unfair competition, and copyright infringement. LVS filed the complaint alongside motions for a temporary restraining order, a preliminary injunction, and alternative service under Federal Rule of Civil Procedure ("Rule") 4(f)(3). (Doc. ## 1–3). The court granted the motions. (Doc. ## 9, 16).

LVS brought this action against the known and unknown registrants of dozens of websites and the websites themselves. (*See* doc. # 1, 19). First Cagayan was also named "as a defendant in th[e] lawsuit because all of the infringing online casino websites identified First Cagayan as the provider of online gaming services." (Doc. # 52 at 2). First Cagayan, a corporation organized in

the Philippines with its principal place of business there, denies any affiliation with the Chinese-language websites named as its codefendants and any use of Sands' famous marks. (*See* decl. Katrina Nepomuceno, doc. # 11 at 9–11).

Further, First Cagayan denies receiving any actual notice of the pendency of this lawsuit before March, 6, 2015, seven days after the entry of default judgment and a permanent injunction, when it received a call from a journalist asking for a comment on the permanent injunction and money judgment.[1] It does not argue that LVS failed to serve the e-mail address registered with its domain name in compliance with this court's order (*see* doc. # 9), but contends that the owner of that e-mail address, Ed Lopez, is not a shareholder, director, officer, employee, or agent of First Cagayan. Defendant argues that Mr. Lopez has never served FC in any capacity that would have authorized him to accept service on behalf of FC. (See decl. Nepomuceno, doc. # 11 at 10).

FC now moves to set aside this court's entry of default judgment against it under Rule 55(c) and 60(b). (Doc. # 28). It argues that its failure to appear until after entry of default judgment is excusable neglect under Rule 60(b) because it had no actual notice of the lawsuit. FC asserts that it engaged in no culpable conduct, it has a meritorious defense to the allegations in LVS' complaint, and that setting aside the judgment will not prejudice LVS.

**II.      Legal Standard**

Federal Rule of Civil Procedure 55(c) states, "[t]he court may set aside . . . a final default judgment under Rule 60(b)." Rule 60(b) provides for relief from judgment in certain circumstances. Subsection (b)(1) lists "mistake, inadvertence, surprise or excusable neglect" as possible grounds. Subsection (b)(6) refers to "any other reason justifying relief from the operation of the judgment." Relief under subsection (b)(1) requires that the motion be made within one year from the date of the judgment; a motion pursuant to subsection (b)(6) must be made within "a reasonable time." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

"Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." *Id.* (citing *Butner v. Neustadter,* 324 F.2d 783, 786 (9th Cir.1963)). "Judgment by default is a drastic

---

[1] The default judgment includes statutory monetary damages of $2,150,000 against the defendants, including First Cagayan.

**James C. Mahan**
**U.S. District Judge**

- 2 -

step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463 (citing *Schwab v. Bullocks, Inc.*, 508 F.2d 353, 355 (9th Cir.1974)).

Three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b): (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Id.* This standard is disjunctive, such that a finding that any one of these factors weighs toward upholding the default judgment is sufficient reason for the district court to refuse to set it aside. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

### III. Discussion

First, the court finds that defendant's motion was timely under Rule 60(b). After first learning of the default judgment and lawsuit against it on March 6, 2015, defendant filed the motion before the court on March 30, 2015, only thirty-one days after the court issued the default judgment and permanent injunction. (*Compare* doc. # 38 *with* doc. # 41). This is within the one-year period prescribed by Rule 60(b)(1) and is reasonably timely under Rule 60(b)(6). The court will address the three factors identified in *Falk* in turn. *See Falk*, 739 F.2d at 463.

#### A. Culpable conduct

FC argues that it never received actual notice of the complaint, summons, or motions for preliminary and permanent injunctions, entry of default, and default judgment. (*See* doc. # 41 at 4); (decl. Nepomuceno, doc. # 11 at 10, ¶ 8). It argues that any failure to appear is therefore excusable neglect. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer…. '[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1091 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 147, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001).

James C. Mahan
U.S. District Judge

- 3 -

Defendant cites several cases in which this court has set aside entries of default for more culpable mistakes, when actual notice did exist. *See, Lee v. University Medical Center of Southern Nevada*, 2014 WL 3002083, *1 (D. Nev. 2014) (granting relief from a default where defendant's counsel erred in calendaring the time for a response); *Doolen v. Bank of America*, 2014 WL 3734381 (D. Nev. 2014) (granting relief where the plaintiff's counsel indicated an intent to stipulate to an extension for defendant to answer and then did not do so).

LVS does not address any of the factors that the *Falk* court established to determine whether a default judgment should be set aside. In its response to defendant's motion, plaintiff relies solely on the fact that it properly served FC with the summons, complaint, and other filings in compliance with this court's order (doc. # 9) authorizing alternative service by email. (*See* doc. # 52). FC does not argue, however, that LVS failed to comply with that order or failed to effectuate service as a matter of law. Instead, it contends that it never received *actual notice* of the lawsuit because the email address associated with its website belonged to an individual who is not an employee, agent, shareholder, director, or individual otherwise associated with FC in a capacity that would allow for service.

Importantly, LVS does not at any point contest FC's claim that it had no notice. Further, LVS fails to allege any bad faith or intentional failure to appear on FC's part. LVS does not supply the court with a reply e-mail, service receipt, or any other indication that FC did in fact receive service. Instead, it continues to argue that service was proper against a foreign defendant.

The plaintiff's compliance with the rules for service of process and this court's orders are not part of the inquiry established in *Falk* for whether a default judgment should be set aside. *See Falk,* 739 F.2d 461. Moreover, judgment by default is a drastic step, and a case should be decided on the merits whenever possible.

Here, LVS fails to argue that defendant intentionally failed to answer or otherwise acted with bad faith. The declaration of FC's general counsel indicates, and LVS does not deny, that FC first learned of the case and the judgment against it when a journalist inquired about them. In the case of a foreign defendant, the court finds that failure to appear without any actual notice of the lawsuit amounts to excusable neglect, mistake, or surprise under Rule 60(b)(1), regardless of

**James C. Mahan**
**U.S. District Judge**

- 4 -

whether process was served lawfully in compliance with a court order under Rule 4(f)(3). *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) ("[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

This is particularly true when service was only effectuated on a foreign business entity by alternative methods, and the plaintiff fails to allege any attempt to otherwise notify the defendant of the pendency of the action. In fact, the summons filed by plaintiff in this case indicates that it knew of a physical address for defendant in the Philippines, but never attempted to make service on that address. (*See* doc. # 7 at 1). The court finds that defendant had no actual notice of the lawsuit and that plaintiff relied to its detriment on the court's order authorizing alternative service when it did not attempt to effectuate service by other means. The court finds that defendant did not engage in any culpable conduct.

  B.  *Meritorious defense*

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Mesle*, 615 F.3d at 1094. FC argues that it can establish a meritorious defense to the claims in LVS' complaint.

In an affidavit attached to its motion, FC's general counsel states that: "(1) First Cagayan has never been affiliated or in any relationship with any of the other defendants named in this action; (2) First Cagayan has never used any of the trademarks or designs identified as the "SANDS Marks" in the Complaint or First Amended Complaint; and (3) First Cagayan has no knowledge of or involvement in any of the activities alleged to be "infringing conduct" in the [c]omplaint or [f]irst [a]mended [c]omplaint." (Doc. # 41 at 3).

Again, LVS fails to respond to these arguments, instead relying on the sufficiency of its service. FC, on the other hand, has put forth numerous defenses to the allegations in LVS' complaint. In particular, it denies using the LVS marks itself and denies affiliation with the

**James C. Mahan**
**U.S. District Judge**

- 5 -

websites that LVS accuses of using the marks. Defendant has therefore met its minimal burden of demonstrating a potentially meritorious defense.

### C.   Prejudice to the plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.*

Again, plaintiff fails to address this factor in its response to the motion. Reviewing defendant's arguments and the record in the case, the court finds that there would be no prejudice to LVS by setting aside the default. Plaintiff has incurred minimal costs in prosecuting this matter, as none of the other defendants in the matter have appeared and plaintiff has proceeded by way of default thus far. By setting aside the default, plaintiff is merely forced to litigate the lawsuit in the way it initially intended to against one of the many defendants.

Moreover, the default judgment and permanent injunction will remain in effect with respect to the other defendants—the websites and individuals LVS has accused of actually using its marks. Plaintiff has not alleged that First Cagayan's website, or the company itself, has infringed or is infringing on its marks. Its complaint against First Cagayan is based only on its alleged relationship with the infringing websites, which First Cagayan denies. Therefore, no irreparable damage to LVS' marks will occur during the pendency of the action. Finally, there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities.

### IV.   Conclusion

The court finds that First Cagayan has met its burden with respect to each of the *Falk* factors. *See Falk*, 739 F.2d at 463. LVS failed to address those factors at all, instead relying on the sufficiency of service under Rule 4(f)(3), which is in no way dispositive as to whether a default judgment should be set aside. Plaintiff, on the other hand, has convincingly argued that the default judgment should be set aside under Rules 55(c); 60(b)(1); and 60(b)(6).

**James C. Mahan**
**U.S. District Judge**

The default judgment and permanent injunction will remain in full effect with respect to the infringing websites and individuals named as defendants in LVS' complaint. This order in no way authorizes the use of any of LVS' trademarked and copyrighted property by First Cagayan or any of its affiliates.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant First Cagayan Leisure & Resort Corporation's motion to vacate and set aside final judgment by default and permanent injunction (doc. # 41) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the default judgment and permanent injunction in this case (doc. # 38) be, and the same hereby is, VACATED with respect to defendant First Cagayan Leisure & Resort Corporation only.

IT IS FURTHER ORDERED that defendant First Cagayan Leisure & Resort Corporation shall be considered served with a summons and the amended complaint (doc. # 19) in this matter as of the date of this order for the purposes of any timing requirements under the Federal Rules of Civil Procedure and the Local Rules of Practice.

IT IS FURTHER ORDERED that all further service of process in this case be served on defendant First Cagayan Leisure & Resort Corporation through its attorney of record in this case.

DATED February 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -