**JOINTLY SUBMITTED**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation, | Case No. 2:14-cv-00424-JCM-NJK |
| Plaintiff/Counter-Defendant, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |
| v. | |
| FIRST CAGAYAN LEISURE & RESORT CORPORATION, *et al*., | |
| Defendant/Counterclaimant, | |
| AND ALL RELATED ACTIONS. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Las Vegas Sands Corp. ("Plaintiff" or "Las Vegas Sands") and Defendant First Cagayan Leisure & Resort Corporation ("Defendant" or "First Cagayan") (each a "Party" and together the "Parties") jointly submit this stipulation and proposed order for the treatment of confidential information and documents that may be disclosed in the course of discovery in this action.

    1.    A Party may designate information or documents to be disclosed to any other Party in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any such designation shall be subject to the provisions of this Protective Order (hereinafter, the "Order").

2. The "CONFIDENTIAL" designation shall be used only for information or documents that a Party considers in good faith to contain, without limitation, valuable, secret, strategic, novel, proprietary, and/or commercially, politically, or economically sensitive information not otherwise known or available to the public. The "ATTORNEYS' EYES ONLY" designation shall be used only for information or documents that, without limitation, are so highly valuable, secret, strategic, novel, proprietary, and/or commercially, politically, or economically sensitive, and not otherwise known to the public, that the disclosure of such information or documents could be used by the receiving Party to harm, injure, damage, embarrass, or cause substantial legal, economic, competitive, or political injury to the disclosing Party.

3. The Order is not intended to give any Party the right to indiscriminately designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The mere fact that a Party might prefer that a document or deposition page be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not in and of itself sufficient to justify a confidential designation. Likewise, a Party may not designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Order merely because disclosure might cause a Party minor discomfort, embarrassment, or annoyance. Instead, this Order is designed to prevent and protect the Parties from substantial legal, economic, or political injury arising from any unauthorized disclosure of designated information and documents.

4. Treatment of Documents

a. A Party producing documents designated under this Order shall mark each page conspicuously as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Within ten (10) business days after producing documents in response to a request for production, a Party may designate that specific previously undesignated documents or portions thereof, identified by Bates number, be stamped with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" conspicuously on each page and treated according to the designation; provided, however, any disclosure of such documents by the receiving Party prior to receiving the request shall not be deemed a violation of this Order.

    b. A Party shall in good faith determine whether specific information or documents may be redacted from any documents, such that redacted versions of those documents would not be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If any Party disagrees with a designation and/or redaction, that Party may so notify the producing Party in writing of the objection.  In the event the Parties are unable to reach agreement as to de-designation, re-designation, and/or redactions, the Parties may seek intervention from the Court as set forth in paragraph 11 herein.

  5. Treatment of Deposition Testimony

    a. A Party may designate deposition testimony, any portion of deposition testimony, or exhibits to depositions as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by advising the court reporter and opposing counsel of such designation during the course of the deposition or by advising opposing counsel in writing within ten (10) business days of the receipt of the deposition transcript; provided, however, any disclosure of such deposition testimony or exhibits by the receiving Party prior to receiving the request shall not be deemed a violation of this Order.

    b. The Parties shall, in good faith, determine whether specific confidential information may be redacted from any deposition testimony, any portion of deposition testimony, or exhibits to depositions, such that redacted versions of the same would not be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If any Party disagrees with any designation and/or redaction, that Party may so notify the designating or redacting Party of the objection in writing.  If the Parties are unable to reach agreement as to re-designation, de-designation, and/or redactions, the Parties may seek intervention from the Court as set forth in paragraph 11 herein.

See order issued concurrently herewith.

6. Any information or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Order shall be and remain confidential and shall not be disclosed in any manner except as explicitly permitted by this Order, and may not be used for any purpose other than in connection with the prosecution or defense of, or in discovery related to or in connection with, this action.

7. Information or documents designated by a disclosing Party as "CONFIDENTIAL" shall be held in confidence by the receiving Party and shall be used solely for the purpose of the prosecution or defense of this action. Access to information or documents designated "CONFIDENTIAL" shall be limited to the following persons and no others:

    a. The Parties;

    b. Inside and outside counsel for the Parties and employees of such counsel;

    c. The Court, including its judges, clerks, secretarial, and administrative personnel whose job functions require access to the designated information or documents;

    d. Specially retained experts and consultants (including independent experts and consultants, and employees or clerical assistants of experts) who are employed, retained, or otherwise consulted by counsel for the purpose of analyzing data, conducting studies, or providing opinions to assist in this action;

    e. Disclosed witnesses for the limited purpose of preparing them to testify at deposition or trial provided, however, that they first agree in writing, in the form attached hereto as Exhibit 1, to abide by the terms of this Order and maintain the confidentiality of the disclosed information or documents;

4

    f. The author, addressee, recipient, or a person who previously had access to the designated information or documents designated as "CONFIDENTIAL";

    g. The Parties' accountants and insurers; and

    h. Any person who agrees in writing, in the form attached hereto as Exhibit 1, to abide by the terms of this Order and maintain the confidentiality of the disclosed information or documents provided, however, that no disclosure of any designated information or documents may be made to such person until the designating Party consents to the disclosure in a writing communicated to the receiving Party.

  8. Information or documents designated by a disclosing Party as "ATTORNEYS' EYES ONLY" shall be held in confidence by the receiving Party and shall be used solely for the purpose of the prosecution or defense of this action.  Access to information or documents designated "ATTORNEYS' EYES ONLY" shall be limited to the following persons and no others:

    a. Outside counsel for the Parties and employees of such outside counsel;

    b. The Court, including its judges, clerks, secretarial, and administrative personnel whose job functions require access to the designated information or documents;

    c. Specially retained experts and consultants (including independent experts and consultants, and employees or clerical assistants of experts) who are employed, retained or otherwise consulted by counsel for the purpose of analyzing data, conducting studies, or providing opinions to assist in this action;

    d. The author, addressee, recipient, or a person who previously had access to the designated information or documents designated as "ATTORNEYS' EYES ONLY"; and

    e. Any other person who agrees in writing, in the form attached hereto as Exhibit 1, to abide by the terms of this Order and maintain the confidentiality of the disclosed information or documents provided, however, that no disclosure of any designated information or documents may be made to such person until the designating Party consents to the disclosure in a writing communicated to the receiving Party.

  9. If any receiving Party seeks to disclose information or documents designated

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a specific individual not otherwise authorized under this Order to receive such information or documents, and the designating Party refuses to consent to such disclosure after reasonable notice, then the receiving Party who wishes to make the disclosure may file a motion with the Court to permit the disclosure, identifying all persons and entities to whom the disclosure is to be made and all reasons for the requested disclosure. No information or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be disclosed or provided to any such persons and entities unless and until the Court enters an order permitting such disclosure.

10. This stipulation, once entered as an order of the Court, shall be interpreted, applied, and enforced by the Court. The Parties agree that jurisdiction over this action is to be retained by the Court for purposes of enabling any Party or persons affected by this Order, to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may be appropriate.

11. If any Party disagrees with a designation of information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the objecting Party may at any time give written notice to the designating Party, specifically identifying the information or documents at issue and all of the objecting Party's reasons for seeking de-designation or re-designation. The designating Party shall thereafter advise the objecting Party whether the designating Party will remove or change the designation. Unless the Parties agree otherwise, the designating Party shall have ten (10) business days from the receipt of such written notice to file a motion with the Court for an order confirming the designation. If such a motion is filed, the designation shall remain valid and binding unless and until the Court rules otherwise. The designating Party shall bear the burden of proof with respect to its designations. If the designating Party does not file a motion with the Court within ten (10) business days from receipt of the written notice, the information or documents at issue will be deemed de-designated or re-designated, as set forth in the notice. Any Party may object to the decision of the Magistrate Judge in accordance with 28 U.S.C. § 636, but must seek and obtain a stay of disclosure if the Party wishes to stay disclosure of the information or documents pending the

district judge's review of the objection.

12.     If a dispute arises under this Order, no Party to the dispute will proceed by motion to the court with respect to such dispute without first promptly meeting and conferring with the other Party or Parties to the dispute in an attempt to resolve the dispute.

13.     This Order shall not be construed to prevent the Parties from applying to the Court for relief therefrom or for further or additional protective orders, or from agreeing between themselves to modification, provided however that any such modifications must be in writing and agreed upon by the Parties seeking the modification.

14.     This Order shall be binding on, and inure to benefit of, the Parties hereto and their agents, employees, employers, successors, assigns, heirs, administrators, and representatives.

15.     This Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO AGREED AND STIPULATED** this 24th day of June, 2016:

| | |
|---|---|
| LEWIS ROCA ROTHGERBER CHRISTIE LLP | HEJMANOWSKI & McCREA LLC |
| By: /s/ Jonathan W. Fountain<br>Michael J. McCue (NV Bar No. 6055)<br>Jonathan W. Fountain (NV Bar No. 10351)<br>Dale Kotchka-Alanes (NV Bar No. 13168)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169 | By: /s/   Charles H. McCrea<br>Charles H. McCrea (NV Bar No. 104)<br>520 South Fourth Street, Suite 320<br>Las Vegas, NV 89101 |
| *Attorneys for Plaintiff/Counter-Defendant Las Vegas Sands Corp.* | *Attorneys for Defendant/Counterclaimant First Cagayan Leisure & Resort Corporation* |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 27, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2016, I caused a true and accurate copy of the forgoing document entitled, **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS**, to be filed with the Clerk of the Court and served via the Court's CM/ECF system upon the following CM/ECF participants:

Charles H. McCrea, Esq.
chm@hmlawlv.com
HEJMANOWSKI & McCREA LLC
520 South Fourth Street, Suite 320
Las Vegas, NV 89101

Dated: this 24th day of June, 2016.

    /s/ Rebecca J. Contla
An employee of Lewis Roca
Rothgerber Christie LLP

# EXHIBIT "1"

## CONFIDENTIALITY AGREEMENT

I, _____ , do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulation and Protective Order Governing Confidential Information and Documents entered in that certain civil action entitled *Las Vegas Sands Corp. v. First Cagayan Leisure and Resort Corporation, et al.*, Case No.: 2:14-cv-00424-JCM-NJK, pending in the United States District Court for the District of Nevada, on _____, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects.

3. I understand that by signing this instrument, I will be eligible to receive information designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under the terms and conditions of the Order. I further understand and agree that I must treat any information designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with the terms and conditions set forth in the Order.

_____
Name

_____
Signature

_____
Address

_____
Date