1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LAS VEGAS SANDS CORP.,

                           Plaintiff(s),

      v.

FIRST CAGAYAN LEISURE & RESORT
CORPORATION,

                           Defendant(s).

Case No. 2:14-CV-424 JCM (NJK)

AMENDED ORDER

Presently before the court is plaintiff Las Vegas Sands's ("LVS") motion to dismiss (ECF No. 58) counterclaimant First Cagayan Leisure & Resort's ("First Cagayan") counterclaim (ECF No. 57). First Cagayan filed a response (ECF No. 61), and LVS filed a reply (ECF No. 66).

**I. Background**

LVS named First Cagayan as a defendant in this lawsuit for trademark infringement and unfair competition. First Cagayan failed to respond to the complaint and, on January 27, 2015, LVS moved for entry of default (ECF No. 33). On January 29, 2015, the clerk of the court entered the default on the record. (ECF No. 34). On February 13, 2015, LVS moved for, and on February 27, 2015, the court entered, a default judgment against First Cagayan. (ECF Nos. 35, 38)

First Cagayan appeared for the first time on March 30, 2015, when it filed a motion to vacate the default judgment arguing that it never received proper notice. (ECF No. 41). First Cagayan's motion was granted and, on February 24, 2016, it filed a counterclaim against LVS alleging a single cause of action for abuse of process. (ECF Nos. 55, 57).

. . .

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

1   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202,

2   1216 (9th Cir. 2011). The *Starr* court stated,

> "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

7   *Id.*

8   ### III. Discussion

9   #### A. Litigation Privilege

10   First Cagayan argues that LVS is liable for abuse of process because it misled the court

11   when it asked for permission to allow service by email. First Cagayan states that LVS knowingly

12   provided the court with an old email address when it was aware of more effective means of service,

13   such as First Cagayan 's physical mailing address, fax number, and updated email address.

14   Defendant argues that the abuse of process claim is barred by litigation privilege. First Cagayan

15   responds by arguing that this is an exclusive federal jurisdiction case, and litigation privilege is a

16   state claim so it is not an applicable defense.

17   "In any civil action of which the district courts have original jurisdiction the districts shall

18   have supplemental jurisdiction over all other claims that are so related to the claims in the action

19   within such original jurisdiction that they form part of the same case or controversy under Article

20   III of the United States Constitution." 28 U.S.C § 1367. Abuse of Process is a state law claim. *See,*

21   *e.g., Jensen v. Las Vegas Metro. Police Dep't*, 350F. App'x 115, 118 (9th Cir. 2009) ("Jensen also

22   asserts state law claims for abuse of process . . . .").

23   The court finds that First Cagayan's claim for abuse of process is a state claim over which

24   the court is already exercising supplemental jurisdiction. First Cagayan cannot question the court's

25   jurisdiction to hear a state law defense asserted in a response to its state law counterclaim.

26   First Cagayan further argues that litigation privilege is not applicable because it only

27   applies to communications. First Cagayan states that the issue in this claim is not communication,

28   but rather the conduct of concealment. LVS argues that the basis of First Cagayan's claim is LVS's

**James C. Mahan**
**U.S. District Judge**

1   failure to disclose information in its motion for alternative service, which is a communicative act.
2   Therefore, LVS asserts that absolute litigation is applicable because it extends to conduct
3   associated with communication.

4   "Nevada follows the long-standing common law rule that communications made in the
5   course of judicial proceedings even if known to be false are absolutely privileged." *Bullivant*
6   *Houser Bailey PC v. Eighth Judicial Dist. Court of State ex rel. County of Clark*, 2012 WL
7   1117467 *2 (Nev. 2012) (quotations omitted).  The "courts should apply the absolute privilege
8   standard liberally, resolving any doubt in favor of its relevancy or pertinency." *Fink v. Oshkins*,
9   49 P.3d 640, 644 (Nev. 2002).  "[T]here is no reason to distinguish between communications made
10  during the litigation process and conduct occurring during the litigation process."  *Bullivant*
11  *Houser Bailey PC*, 2012 WL 1117467 at *3. "[A]bsolute privilege bars any civil litigation based
12  on the underlying communication." *Hampe v. Foote*, 47 P.3d 438, 440 (Nev. 2002), *overruled in*
13  *part on other grounds by,  Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 n. 6 (Nev.
14  2008).

15  The court finds that LVS's motion for alternative service is a communicative act made in
16  the course of civil litigation. Therefore, since the underlying basis of First Cagayan's claim
17  revolves around communications made by the LVS to the court in the process of litigation, First
18  Cagayan 's abuse of process claim is dismissed because, based on the allegations contained in the
19  counterclaim, it is barred by litigation privilege.

20  *B. Anti-SLAPP Claim*

21  LVS argues that under Nevada's anti-SLAPP statutes it is entitled to attorney fees. First
22  Cagayan argues that LVS is not entitled to attorney's fees because LVS's communications were
23  not made in good faith.

24  Although called a "motion to dismiss," anti-SLAPP motions are treated like motions for
25  summary judgment. *See Davis v. Parks,* WL 1677659, at *2 (Nev. 2014). For anti-SLAPP motions
26  to be granted the court first has to "[d]etermine whether the moving party has established, by a
27  preponderance of the evidence, that the claim is based upon good faith communication in
28  furtherance of the right to petition . . . in direct connection with an issue of public concern." N.R.S.

**James C. Mahan**
**U.S. District Judge**

- 4 -

§ 41.660(3)(a). Once the moving party meets this burden, the court then determines whether the responding party has established by "clear and convincing evidence a probability of prevailing on the claim." N.R.S. § 41.660(3)(b).  The statute further states that, if granted, "[t]he court shall award reasonable costs and attorney's fees to the person against whom the action was brought." N.R.S. § 41.660.

Under the statute, a "[w]ritten or oral statement made in direct connection with an issue under consideration by a . . . judicial body" is considered a communication in furtherance of the right to petition. N.R.S. § 41.637.  Furthermore, "good-faith communication" has been defined as "communications that are truthful and or made without knowledge or falsehood." *Moonin v. Nevada ex rel. Department of Public Safety Highway Patrol*, 960 F. Supp. 2d 1130, 1146 (D. Nev. 2014).

The court finds that LVS failed to show that its communications were made in good faith. First Cagayan's telephone number, fax number, and current email address are all listed on its website, but LVS decided to use an outdated email address of the person who originally registered First Cagayan's domain name years ago. (ECF No. 61).  First Cagayan alleges that LVS knew the email address it submitted to the court in its motion for alternative service was outdated. Furthermore, First Cagayan alleges that LVS had knowledge of more effective means of alternative service. Therefore, the court finds LVS has failed to show by a preponderance of the evidence that its communication regarding First Cagayan email address was in good faith. Accordingly, LVS cannot establish anti-SLAPP liability and is not entitled to attorney fees. The motion is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Las Vegas Sands' motion to dismiss (ECF No. 58) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

1        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's Anti

2   SLAPP motion (ECF No. 58) be, and the same hereby is, DENIED.

3        DATED August 2, 2016.

4

5                                    _____
                                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 6 -